UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| NIKI LYN MAXWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos. 2:14-CR-132(4) |
| | ) | 2:16-CV-333 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on the "Motion To Vacate, Set Aside, Or Correct A Sentence Pursuant to 28 U.S.C. § 2255," [Doc. 145],[1] and supporting Memorandum of Law, [Doc. 146], filed by Niki Lynn Maxwell ("Maxwell" or "petitioner"). The United States has responded in opposition, [Doc. 152]. The matter is now ripe for disposition. The Court has determined that the files and records in the case conclusively establish that the petitioner is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the reasons which follow, the petitioner's § 2255 motion lacks merit, and the motion will be **DENIED**.

I. **FACTUAL BACKGROUND**

A Two-Count Indictment was returned against petitioner and four co-defendants, charging each with conspiracy to commit violations of the Controlled Substances Act (Count One), and conspiracy to commit money laundering in violation of 18 U.S.C. § 1956 (Count Two). [Doc. 3]. Petitioner pled guilty to both counts pursuant to a plea agreement, filed July 20, 2015. [Doc. 52]. A change of plea hearing was held on August 3, 2015. A Presentence Investigation Report ("PSR")

---

[1] All references are to docket entries in Case No. 2:14-CR-132 unless otherwise indicated.

was prepared, which stated that the "2014 Guideline Manual, incorporating all guidelines amendments, was used to determine the defendant's offense level. USSG §1B1.11." [Doc. 86 at ¶ 26]. A sentencing hearing was held on January 19, 2016, and petitioner was sentenced to 54 months of imprisonment to be followed by a three-year term of supervised release. [Doc. 120]. Petitioner did not directly appeal her sentence, but timely filed her motion to vacate pursuant to § 2255. [Doc. 145].

## II.  STANDARD OF REVIEW

This Court must vacate and set aside petitioner's sentence if it finds that "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. . . ." 28 U.S.C. § 2255. Under Rule 4 of the Governing Rules, the Court is to consider initially whether the face of the motion itself, together with the annexed exhibits and prior proceedings in the case, reveal the movant is not entitled to relief. If it plainly appears the movant is not entitled to relief, the court may summarily dismiss the § 2255 motion under Rule 4.

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States,* 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *O'Malley*, 285 F.2d at 735 (citations omitted). A motion that merely states general conclusions of law without substantiating allegations with facts is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996). To warrant relief under 28 U.S.C. § 2255 because of constitutional error, the error must be one of constitutional magnitude which had a

2

substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted) (§ 2254 case); *Clemmons v. Sowders*, 34 F. 3d 352, 354 (6th Cir. 1994). *See also United States v. Cappas*, 29 F.3d 1187, 1193 (7th Cir. 1994) (applying *Brecht* to a § 2255 motion). If the sentencing court lacked jurisdiction, then the conviction is void and must be set aside. *Williams v. United States*, 582 F.2d 1039, 1041 (6th Cir. 1978), *cert. denied*, 439 U.S. 988 (1978). To warrant relief for a non-constitutional error, petitioner must show a fundamental defect in the proceeding that resulted in a complete miscarriage of justice or an egregious error inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 354 (1994); *Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996), *cert. denied*, 517 U.S. 1200 (1996). In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152 (1982).

### III. ANALYSIS

Petitioner raises only one ground for relief in her motion: "I'm requesting a reduction in my sentence pursuant to my minor role drug trafficking conspiracy. I did not know or understand the scope of structure of the criminal activity; did not plan or organize the criminal activity; exercised no decision[-]making authority." [Doc. 145]. Petitioner argues that she "should be resentenced pursuant to the new guidelines changed under Amendment 794, which is considered a clarifying amendment to resolve a circuit split and is identified as being retroactive." [Doc. 146].

In response, the government argues that petitioner's challenge to her sentence is not cognizable on collateral review, "because 'the Guidelines themselves are advisory,'" and therefore challenges to a sentencing court's guideline calculation do not raise an error of constitutional or jurisdictional significance. [Doc. 152 at 3 (citing *Gibbs v. United States*, 655 F.3d 473, 479 (6th

Cir. 2011))]. The government also argues that Amendment 794 is not available for relief in petitioner's case, as she was sentenced before Amendment 794 became effective and the Amendment has not been declared retroactive. [*Id.* at 4-5].

On November 1, 2015, Guideline § 3B1.2 (pertaining to the mitigating role adjustment) was modified by Amendment 794. *See* USSG app. C, amend. 794 (2015). Amendment 794 clarifies when a defendant may be eligible for a minor-role reduction, requiring that courts consider whether a defendant engages in activity "that makes him substantially less culpable than the average participant." *Id.* However, as discussed below, Amendment 794 has not been made retroactive by the Supreme Court or the U.S. Sentencing Commission.

Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). Section 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in three limited circumstances. 18 U.S.C. § 3582(c). First, upon motion of the Director of the Bureau of Prisons, a court may reduce the term of imprisonment if it finds special circumstances exist. 18 U.S.C. § 3582(c)(1)(A)(i), (ii). Second, a court may modify a sentence if such modification is "otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." *Id.* § 3582(c)(1)(B). Finally, a court may modify a sentence if "a sentencing range . . . has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2).

As noted above, § 3582(c) authorizes a reduction for a defendant "who has been resentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) . . ., if such a reduction is consistent with

4

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "Section 1B1.10 of the Sentencing Guidelines contains the policy statement for § 3582(c)(2). Subsection 1B1.10(a) provides that the court may reduce the defendant's term of imprisonment if the applicable guideline range has subsequently been lowered by one of the amendments named in subsection (d)." *United States v. Bonds*, 839 F.3d 524, 529 (2016).

Because Amendment 794 is not listed in USSG § 1B1.10(d), it does not apply retroactively under § 3582(c)(2). *See United States v. Watkins*, 655 F. App'x 478, 479 (6th Cir. 2016) ("if no amendment listed in § 1B1.10(d) lowers the defendant's 'applicable guideline range', then a sentence reduction is inconsistent with § 1B1.10 and, therefore, not authorized by § 3582(c)(2).") (citing USSG § 1B1.10(a)(2)(B)). While retroactive application of Amendment 794 has been found proper by the Sixth Circuit on direct appeal, the same is not appropriate on collateral review. *See United States v. Carter*, 662 F. App'x 342, 349 (6th. Cir. 2016) (citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016)); *Johnson v. United States*, 2016 WL 6084018 at *2 (S.D. Ohio Oct. 17, 2016) (finding that *Quintero-Leyva* "did not hold that such [retroactive] relief [under Amendment 794] is available on collateral review, and other courts have concluded that it is not."). Because petitioner raised her claim for a minor role reduction on collateral review before the sentencing court, rather than on direct review before the Sixth Circuit Court of Appeals, petitioner cannot benefit from retroactive application of Amendment 794. Petitioner's argument that she is entitled to a sentence reduction pursuant to Amendment 794 is without merit.

Because petitioner's argument for a minor role reduction under Amendment 794 is her only claim for relief in her § 2255 petition, her motion does not state a claim for relief which the Court can grant.

## IV. CONCLUSION

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were not in violation of the Constitution or laws of the United States. Accordingly, her motion to vacate, set aside or correct her sentence pursuant to 28 U.S.C. § 2255, [Doc. 145], will be **DENIED** and her motion **DISMISSED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

A certificate of appealability should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473 (2000). Having examined each of petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the dismissal of his claims was debatable or wrong. Therefore, the Court will **DENY** a certificate of appealability.

A separate judgment will enter.

ENTER:

                                    _____
                                             s/J. RONNIE GREER
                                     UNITED STATES DISTRICT JUDGE